## SIMON LAW *vs*. GARDINER L. MILLER.

### PROVIDENCE—MARCH 12, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Issues in Equity. Verdicts.*

Gen. Laws cap. 243, § 8, provides that as to issues in equity the verdict "shall be certified back to the appellate division from which such issues were sent, and shall be a part of the record of said equity cause. And otherwise the practice of the appellate division shall be according to the usual course of chancery practice :"—

*Held*, that such a verdict stood merely as an advisory finding, and where there was objection to the verdict a motion to enter a decree thereon, as of course, would be refused, but the motion would stand for hearing upon the grounds of objection to the verdict.

BILL IN EQUITY. Heard on motion to enter decree.

STINESS, C. J. Issues in equity having been sent to a jury and verdict returned that the respondent was not a copartner with the complainant, the respondent moves to enter a decree dismissing the bill as of course.

The complainant objects to the verdict, and desires to show cause to set it aside.

The question presented is the construction of Gen. Laws cap. 243, § 8, which provides, as to issues in equity, that the verdict "shall be certified back to the appellate division from which such issues were sent, and shall be a part of the record of said equity cause. And otherwise the practice of the appellate division shall be according to the usual course of chancery practice."

This language was first used in the judiciary act of 1893. The statute which preceded it, Pub. Stat. cap. 192, § 9, provided : "The verdict of the jury upon the questions of fact involved in the issues submitted to them shall be conclusive thereupon, unless set aside by said court for cause and a new trial granted upon such, or amended, or other issues to be framed by said court."

We think there is a radical difference between these provisions. By the latter the verdict is conclusive unless it is set aside and a new trial is granted ; whereas by the present law the verdict is simply made a part of the record, and otherwise it follows the usual course of chancery practice. The difference is apparent and significant when we consider the "usual course of chancery practice."

In *Allen* v. *Blunt*, 3 Story, 742, Judge Story said : "A verdict upon an issue ordered by a court of equity is, in no just sense, final upon the facts it finds, or binding upon the judgment of the court. The court may at its pleasure set it aside and grant a new trial, or, disregarding it, may proceed to hear the cause and decide in contradiction to the verdict ; or it may adopt the verdict, *sub modo*, and give it a limited effect only."

As stated in Beach's Mod. Eq. Prac., vol. 2, § 666, it is not the office of a jury to settle questions of fact in equity causes definitely and finally, but simply to inform the conscience of the chancellor, who is at liberty to disregard the findings, either by setting them or either of them aside, or by letting them stand and allowing them more or less weight, according to his own view of the evidence in the cause.

See also 2 Daniels Ch. Pl. & Pr. (6th Am. ed.) § 1147.

The change, therefore, from the conclusiveness of a verdict

to making it simply a part of the record, and otherwise according to the usual course of chancery practice, leaves the verdict advisory, as it formerly was. Making it a part of the record imports no more conclusive force to a verdict than to pleadings, which are also a part of the record. Both are thereby properly before the court, but subject to the review and final judgment of the court.

This was partly so under the former law, since the court had the right to set a verdict aside and to grant a new trial. Until this was done, the verdict stood as conclusive. Under the present law, where the parties have had a full trial of questions of fact before a jury, the court, in most cases, undoubtedly would follow the verdict ; but there may be cases where there would not be sufficient ground to set aside a verdict, and yet it would be inequitable to enforce it. An illustration of this may be found in *Silver Spring Co.* v. *Woolworth,* 16 R. I. 729, where the court deemed itself bound by a verdict upon a mixed question of law and fact, under a mere presumption that the jury had been properly instructed so far as was needful, "or was requested." Under such a rule a court of equity might feel itself bound, by the conclusiveness of a verdict, to enter a decree contrary to equity because of an omission to except to a charge or to request to charge upon some question submitted to the jury, since one's own neglect to call attention to an error is not a ground for a new trial. *Agulino* v. *N. Y. & N. H. R. R. Co.*, 21 R. I. 263.

(1)   Our conclusion is that the verdict stands as an advisory finding, and that, in view of the suggestion that there is objection to it, the motion to enter a decree upon it, as of course, should not be granted ; but the motion will stand for further hearing upon the grounds of objection to the verdict.

*Gorman & Egan,* for complainant.

*John W. Hogan and Tillinghast & Tillinghast,* for respondents.